UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

RAJIV JAIN,                                        :
                                                   :
                              Plaintiff,           :
                                                   :
                  v.                               :        08 Civ. 2515 (GBD)(THK)
                                                   :
MARSH INC., MARSH USA, INC.                        :        ANSWER
AND MARSH AND MCLENNAN                             :
COMPANIES, subsidiaries and assignees,             :
                                                   :
                              Defendants.          :
---------------------------------------------------------x

     Defendants Marsh Inc. ("Marsh"), Marsh USA Inc. ("Marsh USA") and Marsh & McLennan Companies, Inc. ("MMC") (collectively, "defendants"), by their attorneys, Winston & Strawn LLP, answer the complaint herein as follows:

     1.    Deny the allegations contained in paragraph 1.

     2.    Deny the allegations contained in paragraph 2, except admit that plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and the New York State Human Rights Law.

     3.    Deny the allegations contained in paragraph 3, except admit that plaintiff filed an EEOC charge against Marsh.

     4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in  paragraph 4.

     5.    State that the allegations contained in paragraph 5 constitute legal conclusions as to which no response is required.

     6.    State that the allegations contained in paragraph 6 constitute legal conclusions as to which no response is required.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.    Deny the allegations contained in paragraph 8, except admit that Marsh is an insurance broker and strategic risk advisor, and a wholly owned subsidiary of MMC, a global professional services company.

9.    Deny the allegations contained in paragraph 9, except admit that defendants are Delaware corporations with offices located at 1166 Avenue of the Americas, New York, New York 10036.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and deny the allegations contained in the section heading preceding that paragraph.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, except admit that Marsh USA hired plaintiff to be a senior broker in its Property and International Practice ("PIP").

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 concerning plaintiff's state of mind, but admit that Marsh USA's offer was attractive and generous.

25.     State that the allegations contained in paragraph 25 consist of generalized statements of opinion as to which no response is required, and deny the allegations contained in the section heading preceding that paragraph.

26.     State that the allegations contained in paragraph 26 consist of generalized statements of opinion as to which no response is required.

3

27.    State that the allegations contained in paragraph 27 consist of generalized statements of opinion as to which no response is required.

28.    Deny the allegations contained in paragraph 28.

29.    Deny the allegations contained in paragraph 29 with respect to plaintiff's professional skills, and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in that paragraph.

30.    Deny the allegations contained in paragraph 30.

31.    Deny the allegations contained in paragraph 31 and in the section heading preceding that paragraph, except admit that Marsh USA offered plaintiff an attractive employment opportunity.

32.    Deny the allegations contained in paragraph 32, except admit that Marsh USA offered plaintiff base annual compensation of $180,000, as well as a signing bonus of $30,000, and that plaintiff was eligible for discretionary future bonuses based, in part, on his performance within the company.

33.    Deny the allegations contained in paragraph 33, except admit that the base compensation paid plaintiff exceeded that of other Vice Presidents in the PIP group.

34.    Deny the allegations contained in paragraph 34, except admit that, in or about September 2006,  Marsh USA hired plaintiff as a Vice President and senior broker in its PIP group.

35.    Deny the allegations contained in paragraph 35.

36.    Deny the allegations contained in paragraph 36.

37.    Deny the allegations contained in paragraph 37 and in the section heading preceding that paragraph, except admit that Marsh is one of the world's largest insurance brokers

and that, in or about October 2004, then New York State Attorney General Eliot Spitzer commenced a lawsuit against MMC, and respectfully refer the Court to the complaint in that suit for the content thereof.

38.    Deny the allegations contained in paragraph 38, and respectfully refer the Court to the complaint in that suit for the content thereof.

39.    Deny the allegations contained in paragraph 39, except admit that MMC entered into an agreement resolving the issues raised in the Attorney General's suit (the "Agreement"), and respectfully refer the Court to such Agreement for the content thereof.

40.    Deny the allegations contained in paragraph 40, and respectfully refer the Court to the Agreement for the content thereof.

41.    Deny the allegations contained in paragraph 41, and respectfully refer the Court to the Agreement for the content thereof.

42.    Deny the allegations contained in paragraph 42.

43.    Deny the allegations contained in paragraph 43, and respectfully refer the Court to the Agreement for the content thereof.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.    Deny the allegations contained in paragraph 45 and in the section heading preceding that paragraph.

46.    Deny the allegations contained in paragraph 46.

47.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 concerning plaintiff's state of mind, and deny the remainder of the allegations contained in that paragraph.

5

48.    Deny the allegations contained in paragraph 48.

49.    Deny the allegations contained in paragraph 49.

50.    Deny the allegations contained in paragraph 50 and in the section heading preceding that paragraph, except admit that plaintiff's supervisors at Marsh USA introduced him to a number of valued and high-profile clients, including Sony Corporation.

51.    Deny the allegations contained in paragraph 51, except admit that, in view of the position and title into which plaintiff was hired, Marsh USA had certain expectations with respect to plaintiff's skills and abilities.

52.    Deny the allegations contained in paragraph 52.

53.    Deny the allegations contained in paragraph 53.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, except admit that plaintiff commenced employment at Marsh USA.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 concerning plaintiff's state of mind, and deny the remainder of the allegations contained in that paragraph.

56.    Deny the allegations contained in paragraph 56.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 concerning plaintiff's state of mind, admit that plaintiff was assigned to the SAB Miller account, and deny the allegations contained in the section heading preceding that paragraph.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

6

59.    Deny the allegations contained in paragraph 59, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph concerning plaintiff's state of mind.

60.    Deny the allegations contained in paragraph 60, except admit that William Schneider included plaintiff in the trip to SAB Miller's headquarters in Milwaukee.

61.    Deny the allegations contained in paragraph 61.

62.    Deny the allegations contained in paragraph 62.

63.    Deny the allegations contained in paragraph 63.

64.    Deny the allegations contained in paragraph 64.

65.    Deny the allegations contained in paragraph 65.

66.    Deny the allegations contained in paragraph 66.

67.    Deny the allegations contained in paragraph 67 and in the section heading preceding that paragraph.

68.    Deny the allegations contained in paragraph 68.

69.    Deny the allegations contained in paragraph 69.

70.    Deny the allegations contained in paragraph 70, except admit that plaintiff was assigned to a number of desirable clients, including SAB Miller.

71.    Deny the allegations contained in paragraph 71, except admit that SAB Miller requested that plaintiff be removed from its account.

72.    Deny the allegations contained in paragraph 72, except admit that Duncan Ellis informed plaintiff he would no longer be working on the SAB Miller account.

73.    Deny the allegations contained in paragraph 73.

74.    Deny the allegations contained in paragraph 74, except admit that SAB Miller requested that plaintiff be removed from its account.

75.    Deny the allegations contained in paragraph 75.

76.    Deny the allegations contained in paragraph 76, and further state that the allegations of that paragraph consist of argument as to which no response is required.

77.    Deny the allegations contained in paragraph 77, and further state that the allegations of that paragraph consist of argument as to which no response is required.

78.    Deny the allegations contained in paragraph 78, and further state that the allegations of that paragraph consist of argument as to which no response is required.

79.    Deny the allegations contained in paragraph 79.

80.    Deny the allegations contained in paragraph 80, except admit that individuals within the PIP group received promotions.

81.    Deny the allegations contained in paragraph 81, except admit that, in or about February 2007, two of plaintiff's supervisors met with plaintiff to review certain issues concerning his job performance and conduct, and issued plaintiff a verbal warning, and deny the allegations contained in the section heading preceding that paragraph.

82.    Deny the allegations contained in paragraph 82.

83.    Deny the allegations contained in paragraph 83.

84.    Deny the allegations contained in paragraph 84, except admit that, approximately one week following the meeting at which plaintiff's supervisors issued him a verbal warning, plaintiff contacted a Marsh Human Resources ("HR") professional and told him that he was overworked and had received inadequate resources from Marsh, but did not allege discrimination

of any kind, and further admit that such HR professional advised plaintiff that his allegations would be investigated.

85.    Deny the allegations contained in paragraph 85, except admit that, following meetings with his supervisors and various HR personnel in which he received corrective counseling, plaintiff sent Marsh a letter alleging discrimination, and respectfully refer the Court to that letter for the content thereof.

86.    Deny the allegations contained in paragraph 86, except admit that Marsh continued to work with plaintiff in an effort to improve his performance.

87.    Deny the allegations contained in paragraph 87.

88.    Deny the allegations contained in paragraph 88.

89.    Deny the allegations contained in paragraph 89.

90.    Deny the allegations contained in paragraph 90.

91.    Deny the allegations contained in paragraph 91.

92.    Deny the allegations contained in paragraph 92.

93.    Deny the allegations contained in paragraph 93 and in the section heading preceding that paragraph, except admit that Marsh HR personnel investigated plaintiff's complaint and concluded that plaintiff's allegations of discrimination were not substantiated.

94.    Deny the allegations contained in paragraph 94.

95.    Deny the allegations contained in paragraph 95.

96.    Deny the allegations contained in paragraph 96 and in the section heading preceding that paragraph.

97.    Deny the allegations contained in paragraph 97.

9

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, except admit that plaintiff filed a charge with the EEOC.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101 concerning plaintiff's state of mind, and deny the remainder of the allegations contained in that paragraph, except admit that, on or about July 16, 2007, plaintiff voluntarily resigned his employment with Marsh USA.

102.     Deny the allegations contained in paragraph 102.

103.     Repeat and reallege paragraphs 1 through 102 above as if fully set forth herein.

104.     Deny the allegations contained in paragraph 104.

105.     Deny the allegations contained in paragraph 105.

106.     Deny the allegations contained in paragraph 106.

107.     Deny the allegations contained in paragraph 107.

108.     Repeat and reallege paragraphs 1 through 107 above as if fully set forth herein.

109.     Deny the allegations contained in paragraph 109.

110.     Deny the allegations contained in paragraph 110.

111.     Deny the allegations contained in paragraph 111.

112.     Deny the allegations contained in paragraph 112.

113.    Deny the allegations contained in paragraph 113, except admit that defendants introduced plaintiff to, and assigned him to work on, many of their valued client accounts.

114.    Deny the allegations contained in paragraph 114, except admit that plaintiff was not promoted during the ten months of his employment with Marsh USA.

115.    Deny the allegations contained in paragraph 115.

116.    Repeat and reallege paragraphs 1 through 115 above as if fully set forth herein.

117.    Deny the allegations contained in paragraph 117.

118.    Deny the allegations contained in paragraph 118.

119.    Deny the allegations contained in paragraph 119.

120.    Deny the allegations contained in paragraph 120.

121.    Repeat and reallege paragraphs 1 through 120 above as if fully set forth herein.

122.    Deny the allegations contained in paragraph 122.

123.    Deny the allegations contained in paragraph 123.

124.    Repeat and reallege paragraphs 1 through 123 above as if fully set forth herein.

125.    Deny the allegations contained in paragraph 125.

126.    Deny the allegations contained in paragraph 126.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127.

128.    Deny the allegations contained in paragraph 128.

### FIRST AFFIRMATIVE DEFENSE

129.    The complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11

## SECOND AFFIRMATIVE DEFENSE

130.    Marsh USA exercised reasonable care to prevent and promptly correct any purportedly discriminatory behavior in its workplace, and plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Marsh USA, or to otherwise avoid harm.

## THIRD AFFIRMATIVE DEFENSE

131.    Defendants' actions or omissions, if any, were justified by legitimate, non-discriminatory reasons, including without limitation plaintiff's job performance and workplace conduct.

## FOURTH AFFIRMATIVE DEFENSE

132.    The claims set forth in the complaint are barred, in whole or in part, by the equitable doctrines of estoppel, waiver and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

133.    The claims set forth in the complaint are barred, in whole or in part, by plaintiff's failure to make reasonable efforts to mitigate his damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

134.    The complaint fails to set forth facts and circumstances that would support an award of punitive damages.

WHEREFORE, defendants demand judgment against plaintiff as follows:

A.    Dismissing the complaint in its entirety, with prejudice and on the merits;

B.    Awarding defendants their attorneys' fees, costs and disbursements incurred in this action; and,

    C.      Granting other, further and different relief as the Court may deem just and proper.


Dated: New York, New York
       May 12, 2008

                                Respectfully Submitted,

                                WINSTON & STRAWN LLP


                                By: /s/ Stephen L. Sheinfeld_____
                                   Stephen L. Sheinfeld
                                200 Park Avenue
                                New York, New York 10166
                                (212) 294-6700
                                (212) 294-4700 (facsimile)
                                ssheinfeld@winston.com

                                Attorneys for Defendants